IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| DeAngelo Shamond Toomer,<br><br>     Plaintiff,<br><br>v.<br><br>Kevin R. Tolson, John Hicks, and Rodney Hope,<br><br>     Defendants. | C/A No. 5:23-cv-2320-SAL<br><br><br><br>**ORDER** |

Plaintiff DeAngelo Shamond Toomer, a pro se litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that this case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). [ECF No. 42.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 3. Plaintiff did not file specific objections to the Report. Instead, on January 24, 2024, Plaintiff filed a letter indicating he did not wish to pursue this action. [ECF No. 45.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir.

2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

As set forth in the Report, Defendants filed a motion to dismiss in September 2023.  [ECF No. 30.]  Plaintiff failed to file a response.  On November 6, 2023, the magistrate judge issued an order directing Plaintiff to advise the court whether he wished to proceed with this action and

2

further advising him that, if he failed to respond, his case could be dismissed for failure to prosecute. [ECF No. 39.] Plaintiff did not respond. On December 13, 2023, the magistrate judge issued the Report recommending dismissal under Rule 41(b). [ECF No. 42.]

In a letter dated January 19, 2024, Plaintiff submitted that, in "every prison" where he has been incarcerated, his life has been threatened, and he's been told "'We'll make it look like a suicidal accident.'" [ECF No. 45 at 1.] According to Plaintiff, he is now incarcerated at Lieber Correctional Institute, and he is in the protective custody unit. *Id.* He states that he is on a hunger strike, but no one is checking on him or intervening. *Id.* at 1–2. Plaintiff further states that if he was housed at Kirkland Correctional Institute, then he would continue with this case. *Id.* at 2. Plaintiff then indicates that he believes his life is in danger. *Id.* at 2–3. He concludes with: "Thank you for your time and I apologize for wasting it by backing out." *Id.* at 3.

None of the statements in Plaintiff's letter can be read as an objection to the Report. Indeed, despite some of the troubling allegations Plaintiff makes in his letter, the court is constrained to accept that Plaintiff does not wish to continue with this case just as the Report surmised.

The court has thoroughly reviewed the record and the applicable law. For the reasons stated above, the court finds no clear error and adopts the Report, ECF No. 42, and incorporates it by reference herein. As a result, this matter is **DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(B).** Defendant's pending motion to dismiss, ECF No. 30, is **TERMINATED as MOOT**.

    IT IS SO ORDERED.

April 2, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge